IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AARON KOBIE BABATU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-00533-L** |
| | § | |
| DALLAS VETERANS AFFAIRS | § | |
| MEDICAL CENTER and | § | |
| REBEAKH JACKSON, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Leave to File Reply in Support of Motion to Strike or Exclude Evidence Under Seal (Doc. 66), filed August 16, 2013, and Plaintiff's Motion to Strike or Exclude Evidence (Doc. 58), filed July 12, 2013.

### I.   Plaintiff's Motion for Leave

In his motion for leave, Plaintiff seeks to file under seal his reply brief in support of his motion to strike or exclude evidence. Defendant Dallas Veterans Affairs Medical Center ("DVAMC") does not oppose the motion. The court will therefore grant Plaintiff's motion for leave to file under seal.

### II.   Plaintiff's Motion to Strike or Exclude Evidence

In his Motion to Strike or Exclude Evidence, Plaintiff seeks, pursuant to Federal Rule of Civil Procedure 37(c)(1), to exclude the declarations and testimony of three fact witnesses — Bobbie Scoggins ("Scoggins"), William Chinn ("Chinn"), and Karen Goldman ("Goldman") — on the

**Memorandum Opinion and Order - Page 1**

grounds that DVAMC failed to disclose these witnesses in accordance with Federal Rule of Civil Procedure 26(a). Plaintiff also moves to strike the declaration of Dr. Kathleen Dohoney ("Dr. Dohoney"), and in particular her opinion regarding the impact of the privacy violation, on the grounds that she was not disclosed as an expert and has not provided an expert report as required by Rule 26. In addition, Plaintiff contends that even if the court determines that Scoggins's or Chinn's declarations should not be excluded under Rule 37, the declarations of these witnesses contain admissible hearsay.

### A. Hearsay

Plaintiff contends that paragraph 6 and the last two sentences of paragraph 5 of Scoggins's declaration contain hearsay regarding statements allegedly made by third parties that are offered for the truth of the matter asserted, that is, that Plaintiff's volunteer service was ended because he was "confrontational, rude, aggressive, and frightening" to patients. Pl.'s Mot. 3. Plaintiff similarly contends that paragraph 5 of Chinn's declaration contains hearsay statements offered to prove that he was unfit to volunteer as the DVAMC.

DVAMC disagrees that Scoggins's and Chinn's declarations contain hearsay because DVAMC is not offering the statements at issue for the truth of the matter asserted but instead to show Scoggins's and Chinn's perception of Plaintiff's performance as a volunteer, which led to his removal as a volunteer. Alternatively, DVAMC contends that even if the statements are hearsay, they are admissible under Federal Rule of Evidence 803(21) as statements concerning "[a] reputation among a person's associates or in the community concerning the person's character." Def.'s Resp. 8 (citation omitted).

"Hearsay" is defined by Rule 801 as a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Scoggins states in paragraphs five and six of his declaration:

> Babatu's supervisors as well as patients with whom Babatu interacted complained that Babatu was confrontational, rude, aggressive, and frightening to them. On one occasion, a supervisor at the VA canteen called the VA police with respect to Babatu's behavior.
>
> 6. In early 2013, volunteer specialist Daniel Thouvenot on my staff explained to Babatu that the Dallas VA had no volunteer opportunities available for him.

Def.'s App. Chinn similarly states in paragraph 5 of his declaration:

> I received complaints about Babatu from veterans, employees, visitors, vendors, and essentially anyone with whom he came in contact. On one occasion, a group of about six or seven veterans came into my office to complain about Babatu and to request that he be removed. One veteran was so upset about the way Babatu talked to him that he came into my office crying. Female employees in particular complained about the way in which Babatu addressed them and interacted with them.

*Id.* 453, ¶ 5. It is evident from other statements in the declarations of Scoggins and Chinn that the statements objected to by Plaintiff are not being offered for the truth of the matter asserted, that is, to show that Plaintiff had engaged in offensive conduct but instead to show DVAMC's state of mind when it made the decision to discontinue Plaintiff's volunteer service and to rebut Plaintiff's contention that his volunteer service was discontinued as a result of his filing this lawsuit. Consequently, the statements are not hearsay. *See Zimmerman v. Gruma Corp.*, No. 3:11-CV-01990-L, 2013 WL 3154118, at *9 (N.D. Tex. June 21, 2013) (agreeing with the defendant's contention that "statements regarding complaints from Zimmerman's coworkers and supervisor are not hearsay because they are not being offered to prove the truth of what they assert.

According to Gruma, the statements are being offered to establish its state of mind in making various employment decisions with respect to [the plaintiff].") (citing *Waggonner v. City of Garland, Tex.*, 987 F.2d 1160, 1165-66 (5th Cir. 1993)).  The court will therefore deny Plaintiff's motion to strike the aforementioned declaration statements on hearsay grounds.

### B.    Rule 26 Disclosures

As noted above, Plaintiff moves to strike or exclude the declarations and testimony of Scoggins, Chinn, Goldman, and Dr. Dohoney under Rule 37(c) for failure to disclose these witnesses in accordance with Rule 26.  With regard to Dr. Dohoney, Plaintiff states:

> Plaintiff does not object to Dr. Dohoney testifying as to the facts related to her treatment of Mr. Babatu. But this treatment began in 2011, two years after the privacy violation underlying this case. Further, Paragraph 4 of Dr. Dohoney's Declaration goes beyond that and clearly offers an expert opinion as to her opinion of the impact of the privacy violation on Mr. Babatu.

Pl.'s Mot. 3.  Plaintiff contends that while Dr. Dohoney treated him two years after the disclosure of his personal information, her declaration and opinion is not limited to her perception of him during that time period but instead extends to the direct effect of the privacy violation that occurred two years earlier.

With regard to Scoggins, Chinn, and Goldman, DVAMC maintains that the timing of its disclosures of these witnesses was substantially justified and harmless.  DVAMC asserts that it was not aware that these persons had relevant knowledge until it deposed Plaintiff, and that Plaintiff's deposition was delayed two months and rescheduled as a result of his schedule and health.  DVAMC further asserts that any failure to not disclose these witnesses earlier is harmless because Plaintiff was aware of the identities of these persons.  Additionally, although Plaintiff opposed a continuance

of the trial when the parties conferred regarding his motion to strike, DVAMC states that a continuance to allow Plaintiff to depose these persons would cure any alleged prejudice.

With regard to Dr. Dohoney, DVAMC contends that she has not offered any expert testimony and her testimony is merely factual in nature and based on her personal knowledge obtained from examining and treating Plaintiff. According to DVAMC, Dr. Dohoney's "conclusion that Babatu had no 'unusual emotional harm' or 'trauma reaction' from the disclosure of his information is based on, as she states, '[t]he fact that he mentioned the incident only once during the six months that [she] saw him'" Def.'s Resp. 9 (citation omitted). DVAMC therefore contends: "It makes sense that Dr. Dohoney would have formed an opinion about Babatu's reaction to the incident as part of her examining him, independent of this lawsuit, in order to judge whether and how to treat him for any potential emotional harm." *Id.* Based on the advisory committee note to Rule 26(a)(2)(B), DVAMC also maintains that Dr. Dohoney was not required to provide an expert report because she does not regularly provide expert testimony. DVAMC contends that any error in failing to disclose Dr. Dohoney as an expert witness was harmless because Plaintiff first disclosed Dr. Dohoney's identity and indicated that she would provide an opinion regarding the impact of the privacy incident on his health. DVAMC further contends that Plaintiff stated in response to a discovery request that he would "allow these providers/people to tell us their diagnosis/opinion." *Id.* 10. Finally, DVAMC asserts that other portions of Dr. Dohoney's declaration, aside from paragraph 4, illustrate the same point.

Rule 37(c)(1) provides:

> ***Failure to Disclose or Supplement***. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was

substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1). Four factors are considered in determining whether a party's failure to disclose is harmless for purposes of Rule 37(c)(1): "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563-64 (5th Cir. 2004) (citation omitted).

As to Scoggins, Chinn, and Goldman, the court agrees that any failure by DVAMC was justified. The court further determines that any prejudice to Plaintiff can be cured by a continuance to allow him to depose these witnesses regarding the matters in their declarations, and that Plaintiff will not suffer any legal prejudice if the trial of the case is continued. Accordingly, Plaintiff motion to strike the declarations and testimony of Scoggins, Chinn, and Goldman will be denied.

Regarding Dr. Dohoney, the court construes Plaintiff's motion as one seeking to strike the entire declaration of Dr. Dohoney, not just paragraph 4 as contended by DVAMC. The court further determines that Dr. Dohoney's declaration extends beyond factual matters in the form of her observations because she provides a medical opinion as to whether the disclosure of Plaintiff's personal information caused the trauma he claims to have suffered. A treating physician's opinion is this regard is the type of expert testimony that results from the process of reasoning that could be

**Memorandum Opinion and Order - Page 6**

mastered only by person with medical training. Thus, even if Dr. Dohoney was not required to provide a written report because, as DVAMC contends, she does not regularly provide expert testimony, the court concludes that Dr. Dohoney is more than a lay witness. *See* Fed. R. Civ. P. 701. DVAMC was therefore required to disclose Dr. Dohoney as an expert witness and provide the subject matter and a summary of the facts and opinions on which she was expected to testify and present evidence under Rules 702, 703, and 705. Fed. R. Civ. P. 26(a)(C). It does not appear that this was done here.

The court nevertheless concludes that any such failure to previously disclose Dr. Dohoney's opinions was harmless because Plaintiff was not only aware that she was a potential witness but also anticipated that she would provide an opinion as to whether he suffered any trauma as a result of the disclosure of his personal information. *Primrose Operating Co.,* 382 F.3d at 564. Further, Plaintiff's contention that Dr. Dohoney did not treat him immediately after the time his personal information was disclosed goes to the weight of her testimony, not the admissibility. The court will therefore deny Plaintiff's motion to strike Dr. Dohoney's declaration and testimony. The court, however, will permit Plaintiff to depose Dr. Dohoney regarding the matters in her declaration.

**III. Conclusion**

For the reasons explained, the court **grants** Plaintiff's Motion for Leave to File Reply in Support of Motion to Strike or Exclude Evidence Under Seal (Doc. 66). Because the Plaintiff's motion for leave and reply brief were filed under seal, the court **directs** the clerk of the court to maintain these documents **under seal**.

Further, the court **denies** Plaintiff's Motion to Strike or Exclude Evidence (Doc. 58) but will permit Plaintiff to depose Scoggins, Chinn, Goldman, and Dr. Dohoney regarding the statements in

their declarations.  To provide Plaintiff with sufficient time to take the foregoing depositions, the court **vacates** the November 2013 trial setting and all pretrial deadlines, including the pretrial conference set for October 31, 2013.  Depositions of these witnesses must be completed by **November 15, 2013.**  Thereafter, Plaintiff may supplement the summary judgment record with evidence obtained from the depositions of these witnesses and a corresponding brief.  Any supplemental brief and evidence must be filed by **December 16, 2013**.  Defendant may file a response to any supplement by **December 23, 2013.  These dates will not be extended**. If Plaintiff does not intend to supplement the summary judgment record, he must notify the court in writing within **seven days** after the conclusion of the depositions.  After the summary judgment record is complete, the court will rule on DVAMC's motion for summary judgment and reset, as necessary, the pretrial deadlines and trial setting.  **Due to the age of this case, the trial will be rescheduled no later than March 2014**. **No further extensions will be granted once the case is reset.**

    **It is so ordered** this 27th day of August, 2013.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge