IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **AARON KOBIE BABATU,** formerly known as Aaron Anthony Sheppard, § § § Plaintiff, § § v. § **DALLAS VETERANS AFFAIRS MEDICAL CENTER and REBEAKH JACKSON**, § § § § § § Defendants. § | Civil Action No. **3:11-CV-00533-L** |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is Plaintiff's Brief Regarding His Claim Opposing Discharge Under 11 U.S.C. § 523(a)(6), filed March 13, 2015 (Doc. 126). The court construes Plaintiff's brief as a motion. Having considered the motion, response, record, and applicable law, Plaintiff's motion is **granted in part** and **denied in part**.

**I.     Background Facts and Procedural History**

Plaintiff Aaron Kobie Babatu ("Plaintiff" or "Babatu"), formerly known as Aaron Kobie Sheppard, originally brought this action against the Dallas Veterans Affairs Medical Center ("DVAMC") and Rebeakh Jackson ("Jackson") on February 16, 2011, in the 298th District Court, Dallas County, Texas. After the case was removed to federal court, Plaintiff filed an Amended Complaint ("Complaint") alleging violations of the Privacy Act of 1974 ("Privacy Act") and section 159.009(b) of the Texas Occupation Code against DVAMC. The Complaint also includes Texas common law claims against Jackson for invasion of privacy by intentional intrusion on seclusion, invasion of privacy by public disclosure of private facts, and intentional infliction of

emotional distress. On February 25, 2014, Babatu and DVAMC informed the court that they had settled their dispute, leaving only the claims against Jackson for trial.

On March 10, 2014, two days prior to trial, Jackson filed for relief under Chapter 7 of the United States Bankruptcy Code and listed Babatu as holding a disputed general unsecured claim in her bankruptcy schedules. On September 24, 2014, the bankruptcy case was closed without a discharge of any debts based on Jackson's failure to file a financial management course certificate. *See* Doc. 126-1 (Notice of Case Closed Without Discharge). In the interim, Babatu commenced a related adversary proceeding seeking to have his invasion of privacy claims asserted in this action excepted from discharge under 11 U.S.C. § 523(a)(6). On June 16, 2014, Plaintiff sought to withdraw the reference in the adversary action and for relief from the automatic stay, both of which were granted. *See* Report and Recommendation to District Court on the Motion to Withdraw the Reference (Doc. 3); Order Withdrawing Reference (Doc. 4 in Civil Action No. 3-14-CV-2233) (Lynn, J.). The case was transferred to this court and ultimately consolidated with this action. *See* Order of Consolidation (Doc. 106).

On March 6, 2015, the court: denied judgment as a matter of law on Babatu's claims for invasion of privacy by intrusion on seclusion; and granted judgment as a matter of law on Babatu's claims for invasion of privacy by public disclosure of private facts and intentional infliction of emotional distress. On March 6, 2015, the jury returned a verdict in Babatu's favor on his claim for invasion of privacy by intrusion on seclusion and awarded him compensatory damages in the amount of $35,000. *See* Jury Verdict, Doc. 125. On March 13, 2015, Babatu filed the motion currently before the court. The motion has been fully briefed and is ripe for decision.

II. Analysis

By his motion, Babatu asks the court to: (1) enter judgment pursuant on the jury's verdict; and (2) enter a separate judgment relating to his adversary proceeding declaring that, pursuant to 11 U.S.C. § 523(a)(6), his invasion of privacy claims against Jackson are nondischargeable in bankruptcy, as these tort claims arise from Jackson's willful and malicious infliction of injury. Jackson opposes Babatu's motion only insofar as he asks the court to declare his underlying tort claims nondischargeable in bankruptcy under 11 U.S.C. § 523(a)(6). Specifically, Jackson argues:

> [T]his court does not have jurisdiction to decide whether a bankruptcy claim is dischargeable under 11 U.S.C. § 523; that decision lies squarely within the jurisdiction of the bankruptcy court. Moreover, because Defendant's bankruptcy case was closed without discharge in September 2014, there is no justiciable issue before this Court or the Bankruptcy Court concerning the status of Defendant's debt to Plaintiff.

Def.'s Resp. (Doc. 127). For the reasons that follow, the court agrees with Jackson that Babatu is seeking relief as to an issue that is nonjusticiable.

"[A]s a general rule the dismissal or closing of a bankruptcy case should result in the dismissal of related proceedings." *In re Querner*, 7 F.3d 1199, 1201 (5th Cir. 1993) (citations omitted); *see also In re Keener*, 268 B.R. 912, 920 (Bankr. N.D. Tex. 2001) ("When a bankruptcy case is dismissed without the debtor having obtained a discharge, the consequences of the bankruptcy petition are negated, and the parties are restored to their rights and positions as they existed prior to the filing of the bankruptcy case.") (citations omitted). Once the bankruptcy action is closed, whether a debt or claim is dischargeable becomes a nonjusticiable matter. *See In re Moseley*, 161 B.R. 382, 384-85 (Bankr. E.D. Tex. 1993). As explained in *Moseley*:

> Due to the dismissal of Debtors' underlying case, there is no longer any discharge from which a debt can be excepted nor is there a discharge to be denied. The Court can understand both creditors' desires to proceed with an adjudication of the issues at this point, but the Court is aware of no authority which would make such an

adjudication appropriate.  *It is simply not a justiciable issue unless there is a discharge to deny or a discharge from which to be excepted.*

*Id.* at 384 (emphasis added).

As already stated, on September 24, 2014, Jackson's bankruptcy case was closed without a discharge of any debts.  Given the dismissal of the bankruptcy case, the court concludes that "there is no longer any discharge from which a debt can be excepted nor is there a discharge to be denied." *In re Moseley*, 161 B.R. at 384.  Babatu's request that the court proceed with an adjudication of the dischargeabililty of certain claims, as raised in his adversary proceeding, is not a justiciable issue.  *See In re Moseley*, *supra*.  In short, under applicable law set forth above, the court is without authority to grant Plaintiff the relief he seeks and, accordingly, will deny his request.[*]

### III.  Conclusion

For the reasons herein stated, Plaintiff Babatu's motion is **granted in part** and **denied in part**.  Specifically, the court **grants** the motion insofar as Babatu requests that the court enter judgment on the jury's verdict, and **denies** the motion **without prejudice** in all other parts.  A judgment will issue separately.

**It is so ordered** this 31st day of December, 2015.

_____
Sam A. Lindsay
United States District Judge

---

[*] While Babatu acknowledges that "the court may find that there is a justiciability issue regarding ruling on the non-dischargeability claim under § 523(a)(6) because Defendant's bankruptcy case has been closed without discharge," (Pl.'s Mot. at 5 n.1), Babatu urges the court to exercise its discretion to retain jurisdiction over the adversary proceeding in the interests of judicial economy. *See id.* at 10.  The court concludes that Babatu has failed to provide the court with adequate authority or sufficient cause to retain jurisdiction over the adversary proceeding under the circumstances presented.

**Memorandum Opinion and Order - Page 4**